UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DICKERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>          Defendants. | 1:15-cv-00518-EPG-PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

Plaintiff Brian Dickerson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 3, 2015.  (ECF No. 1.)[1]  In Plaintiff's Complaint, Plaintiff claims that he was sexually assaulted by Deputies employed by the Kern County Sheriff's Department.  Plaintiff asks the Court to investigate charges filed against the deputies in the Bakersfield Police Department.

This Court has screened Plaintiff's Complaint and finds that it does not provide sufficient details to state a claim as to any defendants.  Plaintiff fails to describe who did what

---

[1] On May 20, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

to him in a way that would state a claim for violation of Plaintiff's constitutional rights. Moreover, the Court is unable to provide the relief requested by Plaintiff, which is investigation into charges filed with the Police Department.

The Court is giving Plaintiff leave to file an amended complaint if he chooses. This order provides an explanation of the relevant law to inform the Plaintiff should he desire to file an amended complaint. Plaintiff may file an amended complaint attempting to state a claim within thirty days.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969

(9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.     SUMMARY OF COMPLAINT

Plaintiff is currently unincarcerated. Plaintiff names as defendants Officer Montgomery, Officer Whinely, Donny Youngblood, and Sergeant Jackson, employees of the Kern County Sheriff's Department. Plaintiff alleges in his Complaint that in 2012 he was sexually assaulted by three deputies at Booking and Receiving at the Kern County Jail. Plaintiff alleges that Patrick Jackson, President of the NAACP, accompanied him to the Bakersfield Police Department to file a complaint. The Sheriff's Department conducted an interview. The Department refused to investigate, and authorities have harassed, discriminated, and retaliated. Plaintiff alleges that he submitted a habeas corpus case requesting the Kern County court to investigate, but authorities refuse to give Plaintiff any assistance.

Plaintiff requests this Court to investigate the matter of sexual assault charges filed against the Deputies.

## III.    PLAINTIFF'S CLAIMS

### A.     Legal Standards

#### 1.     Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697

///

F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see</u> <u>also</u> <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### 2. **Civil Detainee or Prisoner**

Plaintiff has not informed the Court whether he was a pretrial detainee or a prisoner serving a sentence at the time the events at issue occurred. This distinction affects how Plaintiff's rights are determined.

### **Pretrial Detainee**

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." <u>Stone v. City of San Francisco</u>, 968 F.2d 850, 857 n.10 (9th Cir. 1992); <u>see</u> <u>also</u> <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but Courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees. See <u>Pierce v. Cnty. of Orange</u>, 526 F.3d 1190, 1205 (9th Cir. 2008); <u>Lolli v. Cnty. of Orange</u>, 351 F.3d 410, 418-19 (9th Cir. 2003); <u>Or.

Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). For example, where the pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the Court should utilize Eighth Amendment standards. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  Order and security are legitimate penological interests. See White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990).

### Prisoner

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue ...." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Prison officials may be held liable for violations under the Eighth Amendment only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128.

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id.</u> at 837–45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id.</u> at 844–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Id.</u> at 835; <u>Frost</u>, 152 F.3d at 1128.

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." <u>Wood v. Beauclair</u>, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" <u>Watison v. Carter</u>, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting <u>Hudson</u>, 503 U.S. at 9. "In evaluating a prisoner's claim, courts consider whether the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." <u>Wood</u>, 692 F.3d at 1046 (internal quotation marks and alterations omitted). <u>Watison</u> found no sexual harassment in violation of the Eighth Amendment where a plaintiff alleged a correctional officer entered the plaintiff's cell while the plaintiff was on the toilet, began to search the cell, ignored the plaintiff's request that he leave, rubbed his thigh against the plaintiff's thigh while sexually smiling, and left the cell laughing. <u>Watison</u>, 668 F.3d at 1112. <u>Watison</u> reasoned the officer's "alleged wrongdoing was [not] objectively 'harmful enough' to establish a constitutional violation." <u>Id.</u> at 1114 (internal quotation marks omitted); <u>see</u> <u>Palmer v. O'Connor</u>, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D.Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.'").

///

### B.  Analysis of Plaintiff's Claims in Light of Legal Standards

The Court finds that Plaintiff fails to state a claim under these legal standards because Plaintiff does not state any specific facts demonstrating how any particular defendant acted against him for the Court to determine whether there has been a violation of Plaintiff's constitutional rights.  It is not sufficient to allege that "the defendants" sexually abused Plaintiff, without explaining what each defendant did, or failed to do, which resulted in the violation of Plaintiff's rights.

Additionally, the only relief requested by Plaintiff is not available in this case.  Plaintiff requests the Court to conduct an investigation into the complaint that he filed in Kern County.  The Court is not authorized to direct or conduct investigations on Plaintiff's behalf.  The fact that Plaintiff is proceeding *in forma pauperis* does not authorize the expenditure of public funds for the appointment of an investigator.  28 U.S.C. § 1915.[2]  Moreover, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

If Plaintiff chooses to amend the Complaint, Plaintiff should describe all of the circumstances of the assault against him, i.e., when it happened, where it happened, and how each defendant personally acted against him.

### IV.  CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court will dismiss this Complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above.  This amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what those defendants did or failed to do which violated Plaintiff's

---

[2] "'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollum, 426 U.S. 317, 321 (1976)).

rights. Plaintiff should also describe any injuries he suffered as a result of the attack against him.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified

      by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00518-EPG-PC; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **June 28, 2016**        /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE