UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DICKERSON,<br><br>            Plaintiff,<br><br>       v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>            Defendants. | 1:15-cv-00518-EPG-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff Brian Dickerson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 3, 2015.[1] The Court screened the Complaint and dismissed it with leave to amend on June 28, 2016. (ECF No. 10). Plaintiff filed a First Amended Complaint ("FAC") on August 22, 2016, which is now before the Court for screening (ECF No. 11).

For the reasons described below, the Court dismisses the claims made in the FAC with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under §

---

[1] On May 20, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. SUMMARY OF COMPLAINT

Plaintiff is currently unincarcerated. Plaintiff names as defendants Donny Youngblood, Sergeant Hinkle, Sheen Beasley, and Sergeant Jackson.

According to Plaintiff, "Through Revalations [sic] and personal Experances [sic] [Plaintiff] have [sic] seen and felt The pain, Disgrace by the hands of the Church/Authorities here in Bakersfield. (Kern)."[2] (ECF No. 11, p. 3). It was revealed that Plaintiff was "chosen by 'God' to Become heir to credit promise that God mad [sic] to Abraham and seed." (Id.) However, "[i]nstead of Church Jesus Christ Latter day Saints imbracing [sic] God gift, Because of There [sic] hate and harden [sic] hearts – The kid's [sic] of the Church Elders decided they will Dissquilify [sic] By using There [sic] position in power to abuse and put [Plaintiff] through every addbomanation [sic] knowing [sic] to man kind," including "Sexual Assult [sic], Abuse, and unlawful contvin [sic]." (Id.). Further, "[t]he many self-abomination was not good Enough for The Church/Athorties [sic], here was not good Enough They also victimize may [sic] family member…. CDC Recorder will [] show that my Brother was Attacked, Beating [sic] and sexually assaulted – Along with mother, sister, and kids." (Id. at p. 9).

Plaintiff states that he has made many complaints against the Church and the Authorities, including a "complaint with The Attorney General (FBI) The Supreme United State Fed 3, 2016, U.S. District Court Eastern District of California and over 30 Habeas Corpus with the Superior Court of California of the County of Kern." (Id. at p. 8). Plaintiff alleges that "Sences [sic] 1998 the Church of Jesus Christ Latter day Saints know [sic] as The Mormons Have Done Every and anything human possible Rape, sexual assult [sic], studies and experiment of human disfonctional [sic] famies [sic], kidy [sic] porn, transgender experiment, Indangering [sic] of human life with test of unlawful chimical [sic] cause the citizens of Kern County to Disire [sic] sexual Thoughts causing one To Rape and The other to Become a victim that Repents abuse. Church/corporation of Jesus Christ Latter Day Saints known as The Mormon Sit over The Corruption of Kern County Legal System dictated under Church dictatementship [sic]. The Church is Responsible for Death and Destruction of 100 millions Thousands of Black-Africal Indians." (Id. at p. 8-9).

---

[2] The "Church" refers to the Church of Jesus Christ Latter Day Saints. It is difficult to determine who is included in the term "Authorities," but at the very least it refers to Kern County, the Kern County District Attorney, and the Kern County Public Defender's Office.

Additionally, Plaintiff alleges that "[t]he citizens are been [sic] ilgally [sic] video and auto [sic] trap then blackmailed. Family [sic] are losing there [sic] homes, families and kids to the Dictatementship [sic] of the Church of Jesus Christ Latter Day Saints – Mormons. The legal system here in Kern County (B.P.D.) (Kcsc) Districtied [sic] Attorney and public defender office operates in a wide range of crimal [sic] activted [sic] with other officers and Imformants [sic]. The Imformant [sic] are allowed to rape, kill, conduct, while beting [sic] the fear into them into submission." (Id. at p. 10).

Finally, Plaintiff alleges that because of the Kern County Sheriff's Office's negligence, Plaintiff was sexually assaulted. (Id. at p. 5). According to Plaintiff, "while In custody [Plaintiff] was Raped Repeatlly [sic]. Officers allowed Imformants [sic] from the streets come into a one man holding cell and was refuse rape kit, and Treatment."[3] (Id. at p. 10-11). Plaintiff also alleges that the Kern County Sheriff's Office "use[d] there [sic] Authorzize [sic] Authority To Harass and abuse [Plaintiff] and family." (Id. at p. 5).

Plaintiff requests that the Court to investigate the matter and that those that played a part be held accountable.

### III. PRIOR SCREENING ORDER

In Plaintiff's original Complaint, Plaintiff claimed that he was sexually assaulted by three deputies employed by the Kern County Sheriff's Office. (ECF No. 1, p. 3). In his request for relief, Plaintiff asked the Court to investigate the charges filed against the deputies. (Id.).

After screening the Complaint, the Court found that it did not provide sufficient details to state a claim as to any defendants. (ECF No. 10). Plaintiff failed to describe who did what to him in a way that would state a claim for violation of Plaintiff's constitutional rights. Moreover, the Court found that it was unable to provide the relief requested by Plaintiff, which was an investigation into charges filed against the deputies. The Court provided the applicable legal standards for Plaintiff's asserted claims under § 1983, and dismised the Complaint with leave to amend. The Court advised Plaintiff that if he was going to amend his complaint he

---

[3] Plaintiff appears to use "officers" and "deputies" interchangeably.

needed to "describe all of the circumstances of the assault against him, i.e., when it happened, where it happened, and how each defendant personally acted against him." (Id. at 7). Plaintiff was further advised that "Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims." Id. at 8.

## IV.   PLAINTIFF'S CLAIMS

### A.   Legal Standards

#### 1.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th

Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### 2. **Eighth Amendment**

Plaintiff has not informed the Court whether he was a pretrial detainee or a prisoner serving a sentence at the time the events at issue occurred. This distinction affects how Plaintiff's rights are determined.

**Prisoner**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue…." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Prison officials may be held liable for violations under the Eighth Amendment only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128.

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting Hudson, 503 U.S. at 9). "In evaluating a prisoner's claim, courts consider whether the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Wood, 692 F.3d at 1046 (internal quotation marks and alterations omitted). Watison found no sexual harassment in violation of the Eighth Amendment where a plaintiff alleged a correctional officer entered the plaintiff's cell while the plaintiff was on the toilet, began to search the cell, ignored the plaintiff's request that he leave, rubbed his thigh against the plaintiff's thigh while sexually smiling, and left the cell laughing. Watison, 668 F.3d at 1112. Watison reasoned the officer's "alleged wrongdoing was [not] objectively 'harmful enough' to establish a constitutional violation." Id. at 1114 (internal quotation marks omitted); see Palmer v. O'Connor, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D.Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be

noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.'").

### **Pretrial Detainee**

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but Courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). However, the legal standard for deliberate indifference is somewhat different for pretrial detainees. "[U]nder the Eighth Amendment, a prison official cannot be found liable under the Cruel and Unusual Punishment Clause Unusual Punishment Clause for denying an inmate humane conditions of confinement 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *4 (9th Cir. Aug. 15, 2016) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). Under the Fourteenth Amendment, courts look to see whether the defendant's conduct is "objectively unreasonable." Id. at *7.

### **B.   Analysis of Plaintiff's Claims**

The Court finds that Plaintiff's FAC fails to state a claim for a constitutional violation. As discussed above and noted in the Court's prior order dismissing Plaintiff's complaint with leave to amend, "[i]t is not sufficient to allege that 'the defendants' sexually abused Plaintiff, without explaining what each defendant did, or failed to do, which resulted in the violation of Plaintiff's rights." (ECF No. 10 at 7). The Court advised Plaintiff that if he was going to

amend his complaint he needed to "describe all of the circumstances of the assault against him, i.e., when it happened, where it happened, and how each defendant personally acted against him." (Id.).  Despite this warning, Plaintiff failed to provide the necessary details.  While Plaintiff does state where he was raped (in a holding cell), he does not state when he was raped, gives no details of the alleged rapes, fails to state who raped him, and fails to state the names of the deputies who allowed it to happen.  The Court takes allegations of sexual abuse in prisons and jails very seriously.  But in order to state a claim, Plaintiff must allege what happened in a way that the Court can determine if there has been a constitutional violation.

Moreover, taken as a whole, Plaintiff's allegations suggest that Plaintiff is alleging a conspiracy by the Church and the Authorities against people generally, rather than a specific sexual assault against Plaintiff while he was in custody.  For example, Plaintiff alleges "Sences [sic] 1998 the Church of Jesus Christ Latter day Saints know [sic] as The Mormons Have Done Every and anything human possible Rape, sexual assult [sic], studies and experiment of human disfonctional [sic] famies [sic], kidy [sic] porn, transgender experiment, Indangering [sic] of human life with test of unlawful chimical [sic] cause the citizens of Kern County to Disire [sic] sexual Thoughts…." (ECF No. 11, p. 8).  Plaintiff also alleges that "[t]he citizens are been [sic] ilgally [sic] video and auto [sic] trap then blackmailed.  Family [sic] are losing there [sic] homes, families and kids to the Dictatementship [sic] of the Church of Jesus Christ Latter Day Saints – Mormons.  The legal system here in Kern County (B.P.D.) (Kcsc) Districtied [sic] Attorney and public defender office operates in a wide range of crimal [sic] activited [sic] with other officers and Imformants [sic].  The Imformant [sic] are allowed to rape, kill, conduct, while beting [sic] the fear into them into submission." (Id. at p. 10).  These broad allegations of inappropriate actions toward humanity are not actionable under § 1983, which provides relief for specific constitutional violations against a plaintiff.

Plaintiff has failed to provide the Court with facts which, if true, demonstrate that the defendants deprived Plaintiff of rights secured by the Constitution.  Therefore, Plaintiff's FAC fails to state a claim.

\\\

## V.     CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court will not provide further leave to amend because it believes amendment will be futile.  The Court already screened one complaint and provided guidance to Plaintiff regarding pleading a cognizable claim.  Plaintiff's FAC nevertheless failed to plead sufficient facts under the relevant case law.  Moreover, it appears that Plaintiff is seeking redress for a broader conspiracy, which is not actionable under § 1983.  The Court will dismiss the First Amended Complaint with prejudice.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2.     This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1763 (2015); and

3.     The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 12, 2016**                       /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE